IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES JONES,                      )
                                  )
                Plaintiff         )
                                  )      Civil Action
        v.                        )      No. 14-cv-03099
                                  )
CORRECTIONAL OFFICER, "C.O."      )
  KENNETH DAVISON,                )
                                  )
                Defendant         )

                          *     *     *

APPEARANCES:

        JAMES JONES
              Pro Se

        JOSEPH FULGINITI, ESQUIRE
              On behalf of Defendant

                          *     *     *

JAMES KNOLL GARDNER
United States District Judge

                    O P I N I O N

        Before the court are Defendant Davidson's Motion for

Judgment on the Pleadings, which motion was filed February 25,

2016[1] and Plaintiff, Response, With Brief in Support to Defendent

[sic] Motion to Dismiss Complaint, which response was filed by

plaintiff pro se on March 30, 2016[2] ("Plaintiff's Response").

For the reasons that follow, Defendant Davidson's Motion for

Judgment on the Pleadings is denied.

---

    [1]    Document 45.

    [2]    Document 50.

JURISDICTION

This court has original jurisdiction over the subject matter of this action brought pursuant to 42 U.S.C. § 1983 based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Montgomery County, Pennsylvania, which is located in this judicial district.  See 28 U.S.C. §§ 118, 1391(b).

PROCEDURAL HISTORY

On May 22, 2014, plaintiff commenced this action by filing an Application for Prisoners to Proceed in District Court Without Prepaying Fees or Costs ("Application to Proceed In Forma Pauperis").[3]  By Order dated June 24, 2014 and filed June 25, 2014, I granted plaintiff's Application to Proceed In Forma Pauperis and directed the Complaint to be filed.[4]  Accordingly, plaintiff's Complaint was filed on June 25, 2014.[5]

In plaintiff's Complaint, he names as defendants Correctional Officer, "C.O." Kenneth Davidson; Grievance Coordinator, Wendy Shaylor; and Superintendent M. Wenerowicz.[6]

---

[3]      Document 1.

[4]      Document 2, ¶ 3.

[5]      Document 3.

[6]      See Complaint.

On July 31, 2014, defendants Shaylor and Wenerowicz filed
Defendants Wendy Shaylor and M. Wenerowicz's Motion to Dismiss
Plaintiff's Complaint.[7]  On June 4, 2015, defendant Davidson
filed Defendants' Request to File Response to Plaintiff's
Complaint *Nunc Pro Tunc*[8] and Defendant Davidson's Motion to
Dismiss Plaintiff's Complaint.[9]

By Order dated and filed November 25, 2015,[10] I granted
Defendants Wendy Shaylor and M. Wenerowicz's Motion to Dismiss
Plaintiff's Complaint and dismissed defendants Shaylor and
Wenerowicz from the Complaint.  I also granted Defendants'
Request to File Response to Plaintiff's Complaint *Nunc Pro Tunc*.
I granted in part and denied in part Defendant Davidson's Motion
to Dismiss Plaintiff's Complaint, dismissing with prejudice
plaintiff's Eighth Amendment claim against defendant Davidson,
but not plaintiff's First Amendment claim.

On February 25, 2016, defendant Davidson filed the
within Defendant Davidson's Motion for Judgment on the
Pleadings.[11]  On March 30, 2016, plaintiff filed Plaintiff,

---

[7]    Document 10.

[8]    Document 31.

[9]    Document 32.

[10]    Document 38.

[11]    Document 45.

Response, With Brief in Support to Defendent [sic] Motion to Dismiss Complaint.[12]

STANDARD OF REVIEW

A party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." Fed.R.Civ.P. 12(c). A motion for judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and [it] is entitled to judgment as a matter of law." Sikirica v. Nationwide Insurance Company, 416 F.3d 214, 220 (3d Cir. 2005) (citing Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)).

Defendant has submitted no evidence and relies solely upon the pleadings in his motion. He therefore effectively argues that plaintiff has failed to state a claim upon which relief can be granted. In such cases, a motion for judgment on the pleadings must be decided under the same standard that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991); Doe v. McVey, 381 F.Supp.2d 443, 448 (E.D.Pa. 2005) (Pollak, S.J.).

A complaint is typically sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement

---

[12]    Document 50.

of the claim showing that the pleader is entitled to relief". Heightened fact pleading of specifics is not required, but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929, 949 (2007).

The "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts. Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This showing of facial plausibility "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that plaintiff is entitled to relief. Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a

-5-

complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  Phillips, 515 F.3d at 231. Nonetheless, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis. First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.  Second, the court must determine whether those factual matters averred are sufficient to show that plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible."  Iqbal,

-6-

556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941.

### FACTS

Based upon the allegations in plaintiff's Complaint, which I must accept as true under the applicable standard of review discussed above, the pertinent facts are as follows.

Plaintiff is a prisoner in the custody of the Pennsylvania Department of Corrections and, during all relevant times, defendant was a correctional officer at the State Correctional Institution at Graterford, Pennsylvania ("SCI Graterford").[13]

Plaintiff and defendant engaged in a verbal altercation on October 22, 2011, after which he filed a grievance against defendant.[14]  Shortly thereafter defendant fabricated a charge of misconduct against him, claiming that plaintiff engaged in sexual contact with another inmate.[15]

---

[13]     Complaint at ¶¶ 4 and 5.

[14]     Id. at ¶ 8.

[15]     Id.

-7-

Plaintiff pursued an appeal of the misconduct charge through the prison system, which was ultimately unsuccessful.[16]

DISCUSSION

Plaintiff brings a First Amendment retaliation claim against defendant Davidson pursuant to 42 U.S.C. § 1983.  In order to prevail on his retaliation claim, plaintiff must demonstrate: "1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him."  Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002).

Adverse action is that which would deter a person of ordinary firmness from exercising the constitutionally-protected right.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); see also Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000).

If plaintiff establishes the three factors outlined above, "the prison officials may still prevail by showing that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Rauser, 241 F.3d at 334.

Regarding the first factor, the filing of a grievance by a prisoner constitutes the exercise of that prisoner's First

---

[16]    Complaint at ¶¶ 8 and 9.

Amendment rights.  See Brightwell v. Lehman, 637 F.3d 187
(3d Cir. 2011).

    Second, the facts alleged by plaintiff constitute
"adverse action".  Plaintiff alleges that, as a result of the
fabricated misconduct charge filed by defendant, he was assigned
a high security status, which affects housing, work eligibility,
and school and program consideration.[17]  Plaintiff also complains
that he has been stigmatized.[18]

    In Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000),
the United States Court of Appeals for the Third Circuit found
that a plaintiff pled adverse action where he was placed in
administrative segregation, which resulted in reduced access to
privileges such as phone calls, recreation, and rehabilitative
programs.  The facts alleged by plaintiff here are sufficiently
similar to establish adverse action.

    Third, plaintiff alleges that his constitutionally-
protected activity of filing a grievance was the sole reason
motivating the adverse action taken by defendant.

    Defendant argues that, assuming plaintiff has
established the three factors necessary to prevail, defendant is
nonetheless entitled to judgment on the pleadings because he has
established that he would have taken the same action for a

---

[17]    Complaint at ¶ 8.

[18]    Id.

legitimate penological interest.  See Rauser, 241 F.3d at 334.
He points to the fact that plaintiff concedes that he was
ultimately unsuccessful in challenging the misconduct charge.

As stated in my Order dated and filed November 25,
2015,[19] in which I granted in part and denied in part Defendant
Davidson's Motion to Dismiss Plaintiff's Complaint, which motion
was filed June 4, 2015,[20] the fact that plaintiff was found
guilty of the misconduct charge does not establish that
defendant would have taken the same action for a legitimate
penological interest.

Under the applicable standard of review, I am required
to accept the facts alleged by plaintiff as true.  Fowler, 578
F.3d at 210.  Plaintiff claims that the misconduct charge was
entirely fabricated by defendant.  The fact that the officials
who conducted the disciplinary hearing and those who heard
plaintiff's appeal reached what plaintiff avers was an erroneous
conclusion that the charge was legitimate does not foreclose the
possibility that, as alleged by plaintiff, defendant Davidson
fabricated the charge, acting solely out of a retaliatory
motive.

Defendant cites many cases, which he claims support
his position that an ultimate finding of guilt by prison

---

[19]     Document 38.

[20]     Document 32.

-10-

officials is enough to rebut plaintiff's prima facie case.  All of these cases are non-binding authority.  Furthermore, I find each of them unpersuasive for the reasons expressed below.

Many of the cases cited by defendant involve motions for summary judgment or denials of claims on the merits, which are decided under different standards of review from the one applicable here.  Bullock v. Buck, 611 Fed.Appx. 744, 748 (3d Cir. 2015); Mearin v. Dohman, 533 Fed.Appx. 60 (3d Cir. 2013); McGee v. Scism, 463 Fed.Appx. 64 (3d Cir. 2012); Alexander v. Fritch, 396 Fed.Appx. 867, 874 (3d Cir. 2010); Garrett v. Wagner, No. 11-cv-01888, 2015 WL 4644149 (E.D.Pa. Aug. 4, 2015) (Ditter, J.); Mearin v. Dohman, No. 06-cv-04859, 2013 WL 1187050 (E.D.Pa. March 21, 2013) (Jones, J.); Wallace v. Federal Detention Center, No. 12-cv-01217, 2012 WL 6604501 (E.D.Pa. Dec. 18, 2012) (Robreno, J.); Mincy v. Klem, No. 07-cv-00790, 2012 WL 727591 (M.D.Pa. March 6, 2012); Ingram v. SCI Camp Hill, No. 08-cv-00023, 2010 WL 4973302 (M.D.Pa. Dec. 1, 2010); Israel v. Superintendent of S.C.I. Fayette, 08-cv-00428, 2009 WL 693248 (W.D.Pa. March 13, 2009).

One decision cited by defendant--Romansky v. Stickman, 147 Fed.Appx. 310 (3d Cir. 2005)--was issued prior to the Supreme Court's landmark decisions in Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868, and Twombly, 550 U.S. 544,

127 S.Ct. 1955, 167 L.Ed.2d 929, which altered the standard of review for motions to dismiss, which is applicable here.

Additionally, the Third Circuit's decision in Nifas v. Beard, 374 Fed.Appx. 241 (3d Cir. 2010) is factually distinguishable.  In Nifas, the Third Circuit found that defendants had demonstrated a legitimate penological interest for charging plaintiff with misconduct because plaintiff had an extensive "history of misconducts and problems with female staff members" and there was "some evidence" establishing his guilt. Id. at 244.  Here, plaintiff alleges that he has no history of sexual misconduct during his more than thirty years of incarceration.[21]  Defendant has submitted no evidence supporting plaintiff's guilt or demonstrating a history of misconduct.

Furthermore, several cases cited by defendant differ from the instant matter because there was corroborative evidence supporting the misconduct charges, such as deposition testimony, plaintiff's own version of events, plaintiff's admission of guilt, or videotape footage.  See Bullock, 611 Fed.Appx. at 748; Mearin, 533 Fed.Appx. 60; McGee, 463 Fed.Appx. 64; Alexander, 396 Fed.Appx. at 874; Garrett, 2015 WL 4644149 at *6-*7; Wallace, 2012 WL 6604501 at *5.

By contrast, in this case, defendant has not submitted evidence supporting his version of events.  Plaintiff vehemently

---

[21]     Complaint at ¶ 8.

denies that he engaged in sexual contact with his fellow inmate as charged and has submitted affidavits of witnesses to support his account.[22]  The records submitted by plaintiff indicate that he was found guilty of misconduct in the absence of witness testimony and based solely on the statement of defendant.[23]

Only two of the decisions cited by defendant provide clear support for the proposition that a finding of guilt of misconduct, even if based solely on the report of a defendant, is sufficient to establish a legitimate penological interest for purposes of a motion to dismiss. Romansky, 147 Fed.Appx. at 312; Cessna v. Lewis, 14-cv-00361, 2015 WL 1299733 (M.D.Pa. March 23, 2015).  However, neither of these cases provides analysis justifying this conclusion.  Furthermore, neither is binding authority, and I do not find them persuasive.

As noted, I am required at this stage to accept the facts alleged by plaintiff as true.  Fowler, 578 F.3d at 210. Accepting plaintiff's version of events, defendant acted solely out of a retaliatory motive and entirely fabricated the misconduct charge.

Under the rule recommended by defendant, whenever a prison official is successful in his or her efforts at

---

[22]    See Plaintiff, Response in Opposstion [sic] to Defendent's [sic] Motion to Dismiss Complaint, which response was filed June 15, 2015 (Document 34) at pages 10-14.

[23]    See Plaintiff's Response.

retaliation by convincing prison administrators that a prisoner is guilty of misconduct, there is no avenue of relief for the prisoner. However, if the retaliation fails and the prisoner is not found guilty of misconduct, the prisoner will likely be unable to establish that any "adverse action" occurred. To set a rule whereby the satisfaction of one factor of plaintiff's prima facie case forecloses the ability to establish another factor creates an unreasonable burden.

        For the foregoing reasons, Defendant Davidson's Motion for Judgment on the Pleadings is denied.