IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES JONES,                    )
                                )
              Plaintiff         )
                                )        Civil Action
       v.                       )        No. 14-cv-03099
                                )
CORRECTIONAL OFFICER, "C.O."    )
   KENNETH DAVIDSON,            )
                                )
              Defendant         )

                          *     *     *

APPEARANCES:

          JAMES JONES
               Pro Se

          JOSEPH FULGINITI, ESQUIRE
               On behalf of Defendant

                          *     *     *


                   O P I N I O N

JAMES KNOLL GARDNER
United States District Judge

          This matter is before the court on Defendant's Motion
for Summary Judgment, which motion was filed June 14, 2016.[1]  On
June 24, 2016, plaintiff pro se filed Plaintiff, Response in
Opposistion [sic] to Defendant Motion for Summary Judgement
("Plaintiff's Response").[2]  For the reasons that follow, I grant
Defendant's Motion for Summary Judgment and enter judgment in

-----

[1]     Document 62.

[2]     Document 64.

favor of defendant Correctional Officer, "C.O." Kenneth
Davidson, and against plaintiff James Jones.

### Procedural History

Plaintiff pro se commenced this action on May 22, 2014
by filing a Complaint[3] naming as defendants Correctional Officer,
"C.O." Kenneth Davidson, Grievance Coordinator Wendy Shaylor,
and Superintendent M. Wenerowicz.  The Complaint alleged various
violations of plaintiff's constitutional rights pursuant to
42 U.S.C. § 1983.

On July 31, 2014, defendants Shaylor and Wenerewicz
filed Defendants Wendy Shaylor and M. Wenerowicz's Motion to
Dismiss Plaintiff's Complaint[4] ("Shaylor and Wenerowicz's Motion
to Dismiss").  On June 4, 2015, defendant Davidson filed
Defendant Davidson's Motion to Dismiss Plaintiff's Complaint[5]
("Davidson's Motion to Dismiss").

By Order dated and filed November 25, 2015,[6] I granted
Shaylor and Wenerowicz's Motion to Dismiss and dismissed them
from plaintiff's Complaint.  I also dismissed plaintiff's Due
Process and Eighth Amendment claims against all defendants.
However, I denied Davidson's Motion to Dismiss to the extent it

---

[3]     Document 3.

[4]     Document 10.

[5]     Document 32.

[6]     Document 38.

sought dismissal of plaintiff's First Amendment claim against him.

On February 25, 2016, defendant[7] filed Defendant Davidson's Motion for Judgment on the Pleadings.[8]  By Order and Opinion dated April 8, 2016 and filed April 11, 2016,[9] I denied Defendant Davidson's Motion for Judgment on the Pleadings. Accordingly, remaining in this action is plaintiff's First Amendment claim against defendant Davidson.

## Jurisdiction

This court has original jurisdiction over the subject matter of this action brought pursuant to 42 U.S.C. § 1983 based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## Venue

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Montgomery County, Pennsylvania, which is located in this judicial district.  See 28 U.S.C. §§ 118, 1391(b).

## Facts

Based upon the pleadings, record papers, exhibits, depositions and the parties' statement of facts, the relevant

---

[7]      I will hereafter use "defendant" to refer only to defendant Davidson.

[8]      Document 45.

[9]      Documents 51 & 52.

undisputed facts, viewed in the light most favorable to plaintiff, are as follows.

Plaintiff is a prisoner in the custody of the Pennsylvania Department of Corrections and, during all relevant times, defendant was a correctional officer at the State Correctional Institution at Graterford, Pennsylvania ("SCI Graterford").[10]

Plaintiff alleges that he and defendant engaged in a verbal altercation on October 22, 2011, following which he filed a grievance against defendant.[11]  The next day, defendant charged plaintiff with misconduct, that is sexual contact with another inmate, which plaintiff claims he fabricated.[12]  Plaintiff was found guilty of the charge and pursued an appeal through the prison system, which was ultimately unsuccessful.[13]

<u>Standard of Review</u>

In considering a motion for summary judgment, the court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[10]    Complaint at ¶¶ 4, 5; Answer at ¶ 4.

[11]    Complaint at ¶ 8; Plaintiff, Response in Opposition [sic] to Defendent's [sic] Motion to Dismiss Complaint, which response was filed June 15, 2015 ("Plaintiff's Response to Motion to Dismiss") (Document 34) at pages 8, 13-14.

[12]    Complaint at ¶ 8; Defendant's Motion for Summary Judgment, Exhibit A at page 1.

[13]    Complaint at ¶¶ 8 and 9; Defendant's Motion for Summary Judgment, Exhibit A at pages 2-5, pages 7-14.

with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-2510, 91 L.Ed.2d 202, 211 (1986); Federal Home Loan Mortgage Corporation v. Scottsdale Insurance Company, 316 F.3d 431, 443 (3d Cir. 2003).

Only facts that may affect the outcome of a case are "material".  Moreover, all reasonable inferences from the record are drawn in favor of the non-movant.  Anderson, 477 U.S. at 255, 106 S.Ct. at 2513, 91 L.Ed.2d at 216.

Although the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof.  See Watson v. Eastman Kodak Company, 235 F.3d 851, 857-858 (3d Cir. 2000).

The non-movant cannot evade summary judgment with speculation or by resting on the allegations in his pleadings. Rather, he must present competent evidence from which a jury could reasonably find in his favor.  Ridgewood Board of Education v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); Woods v. Bentsen, 889 F.Supp. 179, 184 (E.D.Pa. June 14, 1995) (Reed, Jr., J.).

Discussion

Plaintiff brings a First Amendment retaliation claim against defendant Davidson pursuant to 42 U.S.C. § 1983.  In order to prevail on his claim, plaintiff must demonstrate: "1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him."  Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002).

Adverse action is that which would deter a person of ordinary firmness from exercising the constitutionally-protected right.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); see also Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000).

If plaintiff establishes the three factors outlined above, "the prison officials may still prevail by showing that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Rauser, 241 F.3d at 334.

Regarding the first factor, the filing of a grievance by a prisoner constitutes the exercise of that prisoner's First Amendment rights. See Brightwell v. Lehman, 637 F.3d 187 (3d Cir. 2011).

Second, the facts alleged by plaintiff constitute "adverse action".  Plaintiff alleges that, as a result of the fabricated misconduct charge filed by defendant, he was assigned a high security status, which affects housing, work eligibility, and school and program consideration.[14]  Plaintiff also complains that he has been stigmatized.[15]

In Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit found that a plaintiff pled adverse action where he was placed in administrative segregation, which resulted in reduced access to privileges such as phone calls, recreation, and rehabilitative programs.  The facts alleged by plaintiff here are sufficiently similar to establish adverse action.

Regarding the third factor, the parties dispute whether retaliation was the substantial or motivating factor for defendant filing a misconduct charge against plaintiff. Further, defendant contends that, even if retaliation were the substantial or motivating factor, he would have taken the same action anyway for a legitimate penological interest.  See Rauser, 241 F.3d at 334.

Defendant cites many cases, which he claims support his position that an ultimate finding of guilt by prison

---

[14]     Complaint at ¶ 8.

[15]     Id.

-7-

officials is enough to rebut plaintiff's prima facie case.  All
of these cases are non-binding authority.  I previously
considered these cases in denying Defendant Davidson's Motion
for Judgment on the Pleadings.

I maintain, as I stated in my Opinion denying
Defendant's Motion for Judgment on the Pleadings, that many of
the cases defendant cites are unpersuasive.  As I stated there,
a per se rule whereby a plaintiff's claim necessarily fails if
he were found guilty of misconduct by the prison administration
is counterintuitive.

Under the rule recommended by defendant, whenever a
prison official is successful in his or her efforts at
retaliation by convincing prison administrators that a prisoner
is guilty of misconduct, there is no avenue of relief for the
prisoner.  However, if the retaliation fails and the prisoner is
not found guilty of misconduct, the prisoner will likely be
unable to establish that any "adverse action" occurred.  To set
a rule whereby the satisfaction of one factor of plaintiff's
prima facie case forecloses the ability to establish another
factor creates an unreasonable burden.

However, the circumstances of this case at this point
have changed since my prior Opinion regarding Defendant
Davidson's Motion for Judgment on the Pleadings.  In that
Opinion, I found this case factually distinguishable from others

-8-

because defendant had not provided "some evidence" establishing plaintiff's guilt of the misconduct charge.  See Nifas v. Beard, 374 Fed.Appx. 241 (3d Cir. 2010); Bullock v. Buck, 611 Fed.Appx. 744, 748 (3d Cir. 2015); Mearin v. Dohman, 533 Fed.Appx. 60 (3d Cir. 2013); McGee v. Scism, 463 Fed.Appx. 64 (3d Cir. 2012); Alexander v. Fritch, 396 Fed.Appx. 867, 874   (3d Cir. 2010); Garrett v. Wagner, No. 11-cv-01888, 2015 WL 4644149, at *6-*7 (E.D.Pa. Aug. 4, 2015) (Ditter, J.); Wallace v. Federal Detention Center, No. 12-cv-01217, 2012 WL 6604501, at *5 (E.D.Pa. Dec. 18, 2012) (Robreno, J.).

     At this juncture, defendant has submitted "some evidence" which supports plaintiff's guilt of the misconduct charge.  The records related to the misconduct charge at issue indicate that plaintiff was found guilty based solely on the statement of defendant.[16]  However, plaintiff's own account partially supports defendant's version of events because he does not deny that another inmate was in his cell, that he was disrobed, and that a curtain was restricting the view of his cell, which "may have looked suspicious".[17]  In Bullock v. Buck, 611 Fed.Appx. 744 (3d Cir. 2015), the Third Circuit found sufficient evidence establishing misconduct where plaintiff's own version of evidence supported a finding of guilt.

---

[16]     See Defendant's Motion for Summary Judgment, Exhibit A at pages 7-14.

[17]     See id. at page 5.

Furthermore, there is now additional evidence which supports plaintiff's guilt.  Before the court is plaintiff's prison disciplinary record, which lists 36 charges over seventeen years, eighteen of which he was found guilty.[18]  In another nine instances, he was not exonerated, although the charges were reduced.[19]  In nine instances the charges were dismissed.  Defendant also provided evidence that plaintiff has been convicted of sexual offenses, including rape and involuntary deviate sexual intercourse.[20]

This evidence now brings this case more factually in line with the Third Circuit's decision in Nifas v. Beard, 374 Fed.Appx. 241 (3d Cir. 2010).  In Nifas, the Third Circuit found that defendants had demonstrated a legitimate penological interest for charging plaintiff with misconduct because plaintiff had an extensive "history of misconducts and problems with female staff members" and there was "some evidence" establishing his guilt.  Id. at 244.

Plaintiff has also provided countervailing evidence supporting his version of events.  He cites defendant's own criminal history for tax fraud, which is relevant to his

---

[18]    Defendant's Motion for Summary Judgment, Exhibit B.

[19]    Id.

[20]    Id., Exhibit C.

-10-

credibility.[21]   Furthermore, plaintiff has submitted affidavits
of fellow inmates, which support his account of his altercation
with defendant prior to the misconduct charge.[22]

In my Opinion denying Defendant Davidson's Motion for
Judgment on the Pleadings, I noted that many of the cases cited
by defendant involved motions for summary judgment, which must
be analyzed under a different standard.  As discussed above, the
standard for summary judgment is more rigorous for plaintiff,
who must show that "a fair-minded jury could return a verdict"
in his favor. Liberty Lobby, 477 U.S. at 252, 106 S.Ct. at 2512,
91 L.Ed.2d at 214; see also Ridgewood, 172 F.3d at 252;
Woods, 889 F.Supp. at 184.

I find that a reasonable jury could not find in favor
of plaintiff if they find the evidence presented to be credible.
Defendant's proffered evidence supporting plaintiff's guilt of
misconduct outweighs plaintiff's countervailing evidence because
it is more directly relevant.  As noted, plaintiff's own version
of events partially supports the finding of guilt as does his
prison disciplinary record and his proclivity for sexual
misconduct as demonstrated by his criminal record.

Although defendant's own criminal record diminishes
his credibility, this fact is less directly relevant and is

---

[21]   Complaint at page 42.

[22]   See Plaintiff's Response to Motion to Dismiss at pages 10-14.

outweighed by the evidence against plaintiff.  Moreover, the affidavits of other inmates submitted by plaintiff support only his allegations regarding his dispute with defendant and not his innocence of the subsequent misconduct charge.

For all of the foregoing reasons, I grant Defendant's Motion for Summary Judgment and enter judgment in favor of defendant and against plaintiff.